FILED
2011 Aug-16 PM 12:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
2011 AUG 15 A 11: 42   **SOUTHERN DIVISION**

U.S. ...

| | |
|---|---|
| **JEANA L. TINGLE,** | ) |
| **Plaintiff,** | ) |
| **v.** | )   Case Number: _____ |
| **ATLAS MEDIATION, L.L.C.,** | ) |
| **Defendant.** | )   CV-11-H-2845-S |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, in the above-styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

### Jurisdiction and Venue

1.  Jurisdiction arises under 28 U.S.C. § 1331 and pursuant to the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq*. [hereinafter referred to as "FDCPA"]), specifically, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of the Defendant's violations of various provisions of the FDCPA, invasion of privacy, and the Defendant's unlawful efforts to collect a debt.

3.  Venue is proper in this Court under 28 U.S.C. § 1391 in that the events

made the basis of this Complaint took place in this Judicial District, the Plaintiff resides in this Judicial District and the Defendant regularly transacts business in this Judicial District.

### Parties

4.      The Plaintiff Jeana L. Tingle is a natural person, over the age of nineteen, and resides within this Judicial District. Jeana L. Tingle was known as Jeana Lieuallen Burns.

5.      Defendant Atlas Mediation, L.L.C. (hereinafter referred to as "Atlas") is a foreign corporation that engages in the business of debt collection. It regularly conducts business in this Judicial District. Its principal place of business is in the State of Florida and is incorporated in the State of Florida. It is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

6.      Upon information and belief, Defendant Atlas has not purchased a license to do business in this State pursuant to Ala. Code § 10-2B-15.01 and § 40-12-80.

7.      The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## Factual Allegations

8.    Plaintiff adopts the averments and allegations of the above paragraphs as if fully set forth herein.

9.    In or around December 2006, Plaintiff, Jeana L. Tingle obtained a loan with Advance America Cash Advance in Gardendale, Alabama, which offered payday or other short term loans. The loan was obtained by the Plaintiff under her prior name of Jeana Lieuallen Burns.

10.    Plaintiff did not repay this debt in its entirety. However, the total amount due and payable, inclusive of fees and costs and interest was $202.50 according to a dunning letter dated January 16, 2008 from Advance America.

11.    The loan was made by Plaintiff primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.    Plaintiff was past due on the obligations under the loan at the time the facts made the basis of this suit occurred.

13.    Sometime after January 2008, Defendant purchased, or was assigned, or otherwise obtained the debt and began attempting to collect said debt from Plaintiff as set out in further detail herein.

14.   On or about July 1, 2011, the Defendant, through its employee collectors, called the Plaintiff. A collector who identified herself as "Catherine McKenzie" told the Plaintiff that there were two (2) felony warrants issued for her arrest. When the Plaintiff asked for more information, "Ms. McKenzie" stated that an attorney who was identified as "John Roberts" would be able to answer her questions further.

15.   When she was transferred to "Mr. Roberts," he stated that a warrant was issued for her arrest. He also wanted to know if she "wanted to spend [her] holiday behind a piece of glass with people [she] didn't know," referring to a jail cell. He further informed her that her bond was a "cash bond" and he asked if the Plaintiff understood the difference between a "bond" and a "cash bond."

16.   Plaintiff stated to "Mr. Roberts" that she had never been in trouble before, and "Mr. Roberts" said that he "knew that" and that was why he was giving her a "one time offer to pay restitution of $849.00."

17.   Plaintiff asked why it was more than $202.50, and "Mr. Roberts" explained that it was returned check fees. He then re-connected Plaintiff to "Catherine" who took a Discover credit card number over the telephone from Plaintiff.

18.   Plaintiff did not want to go to jail and gave the credit card information to them.

19.   Plaintiff called Defendant back and tried to get it to not charge the credit card but to allow her an opportunity to pay with the help of family members because the credit card was not issued in her name, but in her husband's name.  Alternatively, she needed to get permission from her husband to make the charge.

20.   However, Defendant refused to not charge the credit card.  Instead, "Mr. Roberts" stated that all warrants were canceled and the charges dropped because the account was now in "good standing."

21.   Defendant has charged and received $849.00 from the Plaintiff by charging the Discover credit card.

22.   Plaintiff has disputed the charge with Discover, but Discover has verified the charge and will not take the charge off.

23.   The amount charged is excessive in that she only owed $202.50 to Advance America.

24.   At no time prior to these telephone conversations did Defendant Atlas send a written communication or letter or give any oral disclosures regarding the debt.

25. At no time during the conversations did Defendant Atlas inform the Plaintiff of her ability or right to dispute the debt.

26. At no time did Defendant obtain the permission of the Plaintiff's husband to charge this credit card.

27. The Defendant sent communications regarding the charge through the use of email.

28. Upon information and belief, the Defendant has also reported information on her credit reports.

29. Defendants disclosed details of the alleged debt to a friend of the Plaintiff (who is not the consumer), in fact, relaying the information that warrants were issued for the Plaintiff's arrest.

30. This was not an attempt to obtain "location information."

31. The actions complained of were very distressing and upsetting to the Plaintiff.

32. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary distress.

33. Plaintiff has suffered actual damages as a result of these illegal

collection communications by this Defendant in the form of anger, shame, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## Respondeat Superior Liability

34.   Plaintiff adopts the averments and allegations of the above paragraphs as if fully set forth herein.

35.   The acts and omissions of Defendant's agents who communicated with the Plaintiff as more further described herein were committed within the line and scope of their agency relationship with their principals, the Defendant.

36.   The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

37.   By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principals, the Defendant.

38.   Defendant is therefore liable to the Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and

federal law by its collection employees, including but not limited to,

violations of the FDCPA and Alabama law, in their attempts to collect

this debt from the Plaintiff.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

39.    Plaintiff adopts the averments and allegations of the above paragraphs

as if fully set forth herein.

40.    The Defendant engaged in collection activities and practices in violation

of the Fair Debt Collection Practices Act (hereinafter referred to as

FDCPA) with respect to the Plaintiff's alleged consumer debt.

41.    The Defendant contacted Plaintiff's friend in violation of § 1692b and

§1692c(b).

42.    The Defendant violated § 1692d by engaging in conduct the natural

consequence of which was to harass, oppress, or abuse the Plaintiff by

using or threatening the use of violence or other criminal means to harm

the physical person, reputation or property of the Plaintiff in violation

of § 1692d(1).

43.    The Defendant violated § 1692d by engaging in conduct the natural

consequence of which was to harass, oppress, or abuse the Plaintiff by

using language the natural consequence of which is to abuse the hearer in violation of § 1692d(2).

44. The Defendant violated § 1692d by failing to meaningfully disclose the caller's identity, place of employment, and who the caller was collecting for in violation of § 1692d(6).

45. The Defendant made false, deceptive, and misleading representations concerning the character, amount, and legal status of the debt in violation of § 1692e(2).

46. The Defendant violated § 1692(e) by making false, deceptive and misleading representations that nonpayment of the debt will result in the arrest or imprisonment of the Plaintiff when, in fact, the Defendant never intended to take such action nor could it legally take said actions. Said actions of the Defendant violate § 1692e(4).

47. The Defendant threatened to take action that could not legally be taken or which it did not intend to take in violation of § 1692e(5).

48. The Defendant represented and implied that the Plaintiff had committed a crime or committed similar criminal conduct in order to disgrace the Plaintiff in violation of § 1692(e)(7).

49. Defendant communicated and/or threatened to communicate to other

persons or entities false information to credit reporting agencies, including information that the debt was disputed in violation of § 1692e(8).

50. The Defendant used false representations and deceptive means to collect or attempt to collect the alleged debt or to obtain information concerning Plaintiff in violation of § 1692e(10).

51. The Defendant failed to send an initial written communication to the Plaintiff in violation of § 1692e(11). Defendant also failed to orally give any notification to the Plaintiff in violation of § 1692e(11).

52. The Defendant falsely represented and implied that it had issued or would issue or would have a third party to issue warrants for Plaintiff's arrest in violation of § 1692e(13).

53. Defendant collected more than the amount owed and was not authorized to do so in violation of § 1692f(1).

54. The Defendant failed to provide any notice or validation of debt or other initial communication to the Plaintiff in violation of § 1692g.

55. At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false. Said representations made by Defendant were made recklessly,

willfully, and/or intentionally.

56. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); actual and compensatory damages; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

57. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, anxiety, humiliation, embarrassment, fear, nervousness, pain and mental anguish.

## COUNT TWO
## RECKLESS AND WANTON TRAINING AND SUPERVISION

58. The Plaintiff adopts the averments and allegations of the above paragraphs as if fully set forth herein.

59. Defendant negligently and/or wantonly hired, retained or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by the Plaintiff.

60. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff by its agents and/or

employees.

61.     Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and Alabama state law.

62.     Defendant recklessly and wantonly failed to train and supervise their employees and/or agents in order to prevent said improper conduct.

63.     Defendant recklessly and wantonly failed to train and supervise their employees and/or agents on the FDCPA and Alabama law as they relate to communications with consumers.

64.     As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered anger, shame, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AND OUTRAGE

65.     The Plaintiff adopts the averments and allegations of the above paragraphs as if fully set forth herein.

66.     Defendant's actions and conduct toward the Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible

bounds of decency, and are atrocious and utterly intolerable in a civilized society.

67.   The emotional distress that Defendant caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

68.   As a result of the Defendant's wanton actions and conduct, the Plaintiff suffered anger, shame, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT FOUR
## INVASION OF PRIVACY

69.   The Plaintiff adopts the averments and allegations of the above paragraphs as if fully set forth herein.

70.   Congress recognized a consumer's right to privacy in collection matters when it stated in pertinent part with regard to the FDCPA:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

Page 13 of 17

71.   Defendant and/or its agents or assigns intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully attempting to collect a debt.

72.   Defendant and/or its agents or assigns intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by making illegal contact about the debt to third parties, and thereby invaded the Plaintiff's right to privacy.

73.   Defendant and/or its agents or assigns intentionally, recklessly, and/or negligently caused emotional harm to the Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

74.   Plaintiff had a reasonable expectation of privacy in her own solitude, private concerns or affairs, and private financial information.

75.   The conduct of the Defendant and/or its agents or assigns in illegal and unlawful collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that

position.

76.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to damages.

77.     All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT FIVE
## CONVERSION

78.     The Plaintiff adopts the averments and allegations of the above paragraphs as if fully set forth herein.

79.     Plaintiff demanded the return of the $849.00, and the Defendant has unlawfully refused to return the same.

80.     Further, at a minimum, Plaintiff demanded the return of the overcharge of $646.50 ($849.00 – 202.50) and the Defendant has unlawfully refused to return the money to her.

81.     Plaintiff has been injured by said refusal.

82.     Plaintiff claims punitive damages of the Defendant because of its willful and oppressive conduct.

## COUNT SIX
## UNJUST ENRICHMENT

83.    The Plaintiff adopts the averments and allegations of the above paragraphs as if fully set forth herein.

84.    Plaintiff paid $849.00 to Defendant which was more than enough to settle any outstanding debt.

85.    Defendant has refused to return said monies to Plaintiff.

86.    Plaintiff has been injured by said refusal.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant as follows:

A.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.    Statutory damages of $1,000.00 from the Defendant for the violations of the FDCPA;

C.    Actual damages for Defendant's violations of the FDCPA in an amount to be determined by a struck jury;

D.    Punitive damages for Defendant's willful violations of the FDCPA in an amount to be determined by a struck jury;

D.    Costs and reasonable attorney's fees;

E.    Actual, compensatory and punitive damages against the Defendant on Plaintiff's state law claims for damages due to the Defendant's outrageous infliction of emotional distress, invasion of privacy, and its

reckless and wanton training and supervision in an amount to be determined by a struck jury;

F.     Return of $849.00 or an amount to be determined by a struck jury;

G.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

RUSSO, WHITE & KELLER, P.C.
Attorneys for the Plaintiff

Robert C. Keller (ASB-7090-L57R)
Attorney for the Plaintiff
RUSSO, WHITE & KELLER, P.C.
315 Gadsden Highway, Suite D
Birmingham, AL 35235
(205) 833-2589

**_PLAINTIFF DEMANDS TRIAL BY JURY IN THIS CAUSE_**

Robert C. Keller (ASB-7090-L57R)
Attorney for the Plaintiff

## SERVE THE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

Atlas Mediation, L.L.C.
c/o Kashanda Brock (Registered Agent)
7910 Baymeadows Way
Jacksonville, FL 32256